IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN OATES, and
MICHAEL CROHAN on
behalf of themselves and a
class of similarly situated individuals,

       Plaintiffs,

vs.                                      Case No. 11cv254-MCA/GBW

DONALD DORSEY, ANTHONY ROMERO,
CHRISTINE VALLEJOS, and various
JOHN DOE correctional officers,

       Defendants.

## PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION UNDER RULE 23(b)(3)

Plaintiffs, by and through below signed counsel, move the Court to certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3). Specifically, Plaintiffs request the Court enter an order; (1) certifying the proposed class; (2) appointing Plaintiffs as class representatives; and (3) appointing Plaintiffs' counsel as Class Counsel.

### I. INTRODUCTION

Plaintiffs allege in June 2009, Defendants implemented a form of intimidation and sexual humiliation during prison "shakedowns" in the Level II facility of the Los Lunas prison. Specifically, Plaintiffs allege that on numerous occasions the prisoners within the Level II facility were forced to strip naked with the exception of their boxer shorts and were taken to the gymnasium where they were forced to sit in rows. While sitting, each inmate was forced to open his legs and straddle the man in front of him while holding his hands on the back of his head. Plaintiffs allege they were forced to sit so closely their genitalia touched the buttocks of the man

1

in front of them. Physical threats and abuse accompanied these shakedowns which became known to both prisoners and guards as "nuts to butts."

Defendants have denied these allegations.

Plaintiffs have brought claims for damages and injunctive relief. Plaintiffs seek to certify as a class (hereinafter, the "Class"), *"all persons who are incarcerated on the date of filing of the companion suit [insert date] who were, or are, incarcerated in the Level II facility of the Los Lunas Prison from June, 2009 until February 2010 who were actually subjected to what Plaintiffs have described as "nuts to butts" and what Defendants have described as "controlled seating", an activity involving lining prisoners on the floor and having them straddle the person in front of them."*

Plaintiffs seek declaratory relief on behalf of the Class, declaring Defendants' conduct violates federal and state constitutional rights[1]. Plaintiffs also seek injunctive relief on behalf of the Class enjoining any further use of "nuts to butts" or "controlled seating" regardless of the prisoners' attire. Specifically, Plaintiffs seek an injunction prohibiting the Defendants from lining people in a manner where they are seated and forced to touch, or are likely to touch, each other's buttocks or genitals.

## II. THE PARTIES' AGREEMENT

Although the Court must perform its own analysis in determining the suitability of the class, the parties have reached an agreement to certify the class under Rule 23(b)(3). The parties have agreed to the definition of the class quoted above but anticipate the need to create subclasses for each event as they are revealed in the discovery process. Additionally, the parties

---

[1] Plaintiffs requested equitable relief under the New Mexico Constitution prior to being removed to federal court. Plaintiffs intend to ask leave of the court to amend the complaint to add an injunctive relief claim under the federal constitution. Defendants have expressed no intention to oppose such an amendment.

2

have agreed to class certification in a new companion case (*See John Alarid et al. v. Donald Dorsey, et al.*; CIV 11-842 DJS/ACT Doc. 3) to be filed simultaneously to this motion. This companion case seeks to create a class of ex-inmates who were subject to the same conduct described in the instant case and contains a similar motion to certify a class. (*See John Alarid et al. v. Donald Dorsey, et al.*; CIV 11-842 DJS/ACT; Plaintiff's Unopposed Motion and Memorandum in Support of Class Certification Doc. 3).

### III. ANALYSIS

"A district court may certify a class if the proposed class satisfies the requirements of Rule 23(a) and the requirements of one of the types of classes in Rule 23(b)." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Circuit 2010). In making this determination, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Id*. (citations omitted). In deciding whether the proposed class meets these requirements, the district court "must accept the substantive allegations of the complaint as true." *Id*. (citations omitted). In conducting its "rigorous analysis" of Rule 23's requirements, the district court "should not pass judgment on the merits of the case." *Id*. (citations omitted).

#### A. Prerequisites

To be successfully certified Plaintiffs must demonstrate the following factors as outlined in Fed. R. Civ. P. 23(a).

1. <u>Numerosity</u>. A proposed class must be "so numerous that joinder of all members is impracticable." Fed R. Civ. P. 23(a)(1). Plaintiff's complaint alleges a potential class in excess of 200 people with over 80 having already sought representation. [DOC# 16]. Since DOC #16 was filed Plaintiff represents to the court approximately 30 new potential

2. <u>Commonality</u>. For a class to be successfully certified there must be "questions of law or fact common to the class." Fed. R. Civ. P.23(a)(2). Plaintiffs allege the unconstitutional conduct took place on several different occasions over a period of approximately one year. Some potential class members endured each incident whereas others were only subjected to the behavior once. Regardless of how often each member was subjected to the alleged conduct or how the experience differed from one individual to another, the class representatives have pled a pattern of behavior which implicates the same constitutional provisions and invokes the same legal theories. Factual differences of individual class members "should not preclude certification under Rule 23(b) of a claim seeking the application of a common policy" *Adamson v. Bowen,* 855 F.2d 668,676 (10th Cir. 1998) (internal quotation marks and citations omitted). Even "factual differences in the claims of the individual class members should not result in a denial of class certification where common questions of law exist*." In re Intelcom Group Sec. Litig.,* 169 R.R.D. 142, 148 (D. Colo. 1996). *See Also Lopez v. City of Santa Fe,* 206 F.R.D. 285, 289 (D.N.M. 2002)(Vazquez, J.) ("Commonality requires only a single issue

3. <u>Typicality</u>. The third prerequisite to class certification is "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Similarly to commonality, typicality exists where "all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances." *DG ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1199 (10th Cir. 2010). In fact, the United States Supreme Court has noted the "commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tele. Co. of the Southwest v. Falcon,* 457 U.S. at 157 n. 13. The class representatives in this case may differ from other members of the class in the types of damages they received or the number of incidents they were subjected to, however such factual differences will not defeat typicality "so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson,* 855 F.2d at 676**.** This is precisely the situation described in Plaintiff's complaint. Although each potential class member may have suffered the treatment differently from his neighbor depending on his background, physical condition or mental tolerance, the class as a whole was subjected to the same event. Therefore the class representatives will have the same claims as the class members, and the typicality requirement is satisfied.

4. <u>Adequacy</u>. The final prerequisite requires that "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry: (i) whether the named plaintiffs and their counsel have any conflicts with other class members; and (ii) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class. *See Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-88 (10th Cir. 2002). No evidence exists of a conflict between class members as each prospective plaintiff is alleged to have suffered a similar form of sexual humiliation. No putative class member has benefitted from these experiences and none appear to have a conflicting position in the outcome of the case. Accordingly, there are no antagonistic or conflicting interests that would prevent Plaintiffs from safeguarding the rights of absent class members. Finally, the class is represented by experienced, capable council who are well resourced and equipped to vigorously prosecute the action.

In summary, Plaintiffs have demonstrated, and Defendants have agreed, all four prerequisites of Rule 23(a) exist to certify the Class.

**B. Plaintiffs' Case Qualifies for Certification Under Both 23(b)(2) and 23(b)(3) .**

Once the Court finds that the prerequisites of Rule 23(a) are satisfied, the Court must determine whether the action is maintainable as a class under one of the provisions of Rule 23(b). *Adamson v. Bowen,* 855 F.2d at 675. Although Plaintiffs seek certification under 23(b)(3), the Court should be aware Plaintiffs are seeking injunctive relief in addition to

monetary damages. Therefore, should certification under 23(b)(3) be found to be inappropriate, Plaintiffs would petition the Court to certify under 23(b)(2). [2]

**Section 23(b)(2)**

Plaintiffs could seek certification under Rule 23(b)(2), asserting that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate for the class as a whole." Fed. R. Civ. P. 23(b)(2). The Tenth Circuit has interpreted Rule 23(b)(2) as imposing "two, independent, but related requirements": Plaintiffs must demonstrate that Defendants' actions or inactions are "based on grounds generally applicable to all class members," and Plaintiffs must also establish that the injunctive relief they have requested is "appropriate for the class as a whole." *DG ex rel. Stricklin v. Devaugn, supra*, quoting *Shook v. Board of County Commissioners,* 543 F.3d 597, 604 (10th Cir. 2008) *(Shook II).*

These two requirements demand "cohesiveness" among class members. *Id*. According to the Tenth Circuit:

> This cohesiveness, in turn, has two elements. First, plaintiffs must illustrate the class is 'sufficiently cohesive that any classwide injunctive relief' satisfies Rule 65(d)'s requirement that every injunction "state its terms specifically; and describe in reasonable detail ... the act or acts restrained or required."' ... Second, cohesiveness also requires that class members' injuries are 'sufficiently similar' that they can be remedied in a single injunction without differentiating between class members. ... Rule 23(b)(2)'s bottom line, therefore, demands at the class certification stage plaintiffs describe in reasonably particular detail the injunctive relief they seek "such that the district court can at least conceive of an injunction that would satisfy [Rule 65(d)'s] requirements,' as well as the requirements of Rule 23(b)(2)."

> *Id*. (citations omitted.)

---

[2] The parties have agreed to certification under Rule 23(b)(3), and as such this motion does not seek certification under Rule 26(b)(2).

7

Here, Plaintiffs have satisfied these requirements. Firstly, Plaintiffs have demonstrated through the allegations of the Complaint that Defendants' actions apply to all class members. Secondly, Plaintiffs have established the injunctive relief they have requested is appropriate for the class as a whole. Plaintiffs seek an injunction that requires the Defendants to:

*Refrain from lining people in a manner where they are seated and forced to touch, or are likely to touch, each other's buttocks or genitals.*

Plaintiffs are not required at the class certification stage to have a proposed injunction that satisfies Fed. R. Civ. P. 65(d) with "exacting precision" *Shook II at* 606 f.n. 4. However, the fact that the proposed relief Plaintiff is seeking is clear, simple and precise, provides more evidence to the Court of the cohesiveness of the class as a whole. Plaintiffs have described the acts to be restrained and demonstrated the class member's potential for future injuries can be remedied in a single uncontroversial injunction. Accordingly Plaintiffs can demonstrate the requirements of Rule 23(b)(2) are satisfied.

### Section 23(b)(3)

Notwithstanding Plaintiffs' request for injunctive relief, the parties have agreed to class certification under Rule 23(b)(3) which requires "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The Rule then goes on to list some factors the court can use to examine the "predominance" and "superior method" requirements: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. *Id*.

Once again the nature of Plaintiffs' claims as set forth in the complaint demonstrate the suitability of class certification under section 23(b)(3). Entire sections of the prison were subjected to the same alleged conduct. Plaintiffs intend to prove the seating of people in the gymnasium straddling each other while clothed only in boxer shorts, violates the Constitution regardless of whether it is described as "controlled seating" or "nuts to butts". The questions of law are therefore the same for every class member, and indeed the questions of fact are subject to generalized class wide proof. Thus the issues surrounding the case predominate over those issues that require individualized proof.

It is also important to note, given the circumstances of this case, it is highly unlikely that many individual members of the class have the resources to pursue their claims individually in separate actions. The class certification may well be the only way large numbers of injured parties are able to seek justice. This fact coupled with the lack of any identifiable manageability difficulties, and the lack of similar litigation involving the controversy, makes a class action the superior method of pursuing the claims.

Evidence of class certification under Rule 23(b)(3) can be seen throughout the country in the context of illegal prisoner strip search cases. *See, e.g. In re Nassau County Strip Search Cases,* 461 F.3d 219, 225 (2nd Cir. 2006); *Williams v. County of Niagra,* 2008 U.S. Dist. LEXIS 76206, 2008 WL 4501918 (Sept. 29, 2008); *Mitchell v. County of Clinton*, 2007 U.S. Dist LEXIS 48589, 2007 WL 1988716 (N.D.N.Y. July 5, 2007); *Pritchard v. County of Erie*, 269 F.R.D. 213

2010 U.S. Dist LEXIS 58330. Plaintiff suggests to the Court that strip search cases provide an excellent analogy for the issues involved in the instant case. The illegal conduct alleged in prisoner strip searches implicates the same constitutional concepts for all class members and although many people tolerate strip searches differently from each other, Rule 23(b)(3) certification has been found to meet the 'predominance" and "superior method" requirements over and over again in this context.

### IV. CONCLUSION

The parties have agreed the case is best litigated as a class action. While Plaintiffs believe the class can be certified under both Rule 23(b)(2) and Rule 23(b)(3) the parties have reached an agreement to proceed under the latter provision. Therefore, for all the foregoing reasons, the Court should grant this motion and should issue an order certifying the Class pursuant to Fed. R. Civ. P. 23(b)(3), appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel, in addition to such other and further relief as may be appropriate.

Respectfully submitted:

/s/ Matthew E. Coyte  
MATTHEW COYTE  
Attorney for Plaintiffs  
1000 2nd Street NW  
Albuquerque, NM 87102  
(505) 244-3030  

/s/ Jack Bennett Jacks  
Jack Bennett Jacks  
Co-Counsel for Plaintiffs  
107 Bryn Mawr S.E.  
Albuquerque, NM 87106  
Tel: (505) 463-1021  

Approved:

electronically approved 9/20/11  
Steve French  
Ronald Gould  
500 Marquette Avenue NW, Ste. 500  
Albuquerque, NM 87102  
(505) 843-7075  
*Attorneys for Defendants*