IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.O. and ROBERT SALAZAR on behalf of themselves
and a Class of similarly situated individuals,

    Plaintiffs,

v.                                    No. CIV - 11-254 MCA/GBW

DONALD DORSEY, ANTHONY ROMERO,
CHRISTINE VALLEJOS, and various JOHN DOE
correctional officers,

    Defendants.

and

JOHN ALARID, FLORENTINO SENA,
JOSEPH SALAZAR and ROBERT SALAZAR
on behalf of themselves and a Class of similarly
situated individuals,

                                     No. CIV - 11-842
    Plaintiffs,                     (Consolidated with)
                                     No. CIV - 11-254 MCA/GBW

vs .

DONALD DORSEY, ANTHONY ROMERO,
CHRISTINE VALLEJOS, and various JOHN DOE
correctional officers,

    Defendants.

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVING THE FORM AND MANNER OF NOTICE

THIS MATTER came before the Court for hearing on July 22, 2014, upon the Unopposed Motion for Preliminary Approval of Class Action Settlement of Plaintiffs John Oates, Michael Crohan, Joseph Salazar, John Alarid, Robert Salazar and Florentino Sena, individually and on behalf of the settlement class, (Plaintiffs); and the New Mexico Corrections Department for itself and on behalf of Donald Dorsey, Anthony Romero and

Christine Vallejos, (Defendants), for preliminary approval of the settlement entered into by the Parties. The Court has considered the facts and legal authorities set forth in the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and the facts and legal authorities set forth in Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Settlement, and has reviewed the terms of the Settlement Agreement, and has determined there is good cause for preliminary approval. Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate. Neither this preliminary order of approval nor the Settlement Agreement is a finding against Defendants of any liability or wrongdoing whatsoever.

2. The Court approves of Gilardi & Co. as the Administrator and authorizes the Administrator to perform those duties as defined in the Settlement Agreement. [Doc. 139-1]

3. The Court approves the Notice of Class Action and Proposed Settlement in the form attached to the Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Settlement [Doc. 139-4].

4. The Court approves the Notice of Non Eligibility in Class Action Settlement form attached to the Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Settlement [Doc. 139-5].

5. On the date of the Fairness Hearing Defendants will have a check for Seven Hundred and Fifty Thousand Dollars ($750,000) made out to the Administrator or

the Administrator's designee for deposit in an interest bearing qualified settlement fund ready for final execution of the Settlement Agreement. All interest earned thereon shall accrue to the benefit of the class fund.

6. The Administrator is directed to mail the Notice of Class Action and Proposed Settlement to the individuals represented by the following table:

| Date of Incident | 6/1/2009 | 6/18/2009 | 12/29/2009 | 1/26/2010 |
|---|---|---|---|---|
| Pod Affected | Level IIB Pod 6 | Level IIA & B Pods 1-2-3-4-5-6 | Level II A & B Pods 1-2-3-4-5-6 | Level IIB Pods 4-5-6 |

7. The Administrator is directed to mail the Notice of Non Eligibility in Class Action Settlement to the 34 members of the original class certification mailing who were later found not have been present during the incidents.

8. Such dissemination of the Notice is the best practicable under the circumstances, within the meaning of Rule 23(c)(2)(B), of the Federal Rules of Civil Procedure.

9. The time table below will be followed for completing the settlement process, in accordance with the schedule approved by the Court a hearing on July 22, 2014:

    **7/22/14** Preliminary hearing/Court issues order granting preliminary approval of settlement.

    **8/29/14** Mailing individual notices completed.

    **10/29/14** Deadline for written objections to settlement and objections to denial of claims.

    **11/5/14** Plaintiffs' Counsel forwards all objection letters to the Court.

    **11/13/14 @9:00am**. The Court will conduct a Final Approval Hearing, (Fairness Hearing), to determine whether the Settlement Agreement should be

finally approved as fair, reasonable and adequate to the settlement class and whether judgment should be entered accordingly.

10. Any class member who so desires may object to the proposed settlement, providing they comply with the procedures described in the Notice of Class Action and Proposed Settlement.

11. The Final Approval Hearing may be continued or adjourned by order of the Court without further notice to the class.

12. If the Settlement Agreement is finally approved by the Court, then upon the occurrence of the effective date, all class members who have not excused themselves will be enjoined from asserting any of the claims released in the Settlement Agreement, will conclusively be deemed to have released any and all such claims, and will be subject to and bound by the provisions of the Settlement Agreement and the Final Judgment.

13. The following plan of allocation is preliminarily approved, subject to further consideration at the Fairness Hearing:

> Individuals housed in the following pods on the following dates will be allocated a **minimum** amount of money from the class fund as described by the number of incidents they were subjected to as outlined in the below tables:

| Date of Incident | 6/1/2009 | 6/18/2009 | 12/29/2009 | 1/26/2010 |
|---|---|---|---|---|
| **Pod(s) Affected** | Level IIB Pod 6 | Level IIA & B Pods 1-2-3-4-5-6 | Level II A & B Pods 1-2-3-4-5-6 | Level IIB Pods 4-5-6 |

| # of Eligible Incidents | Amount of Settlement |
|---|---|
| 1 | $528.73 |

| | |
|---|---|
| 2 | $1,057.46 |
| 3 | $1,586.19 |
| 4 | $2,114.92 |

- A one third contingency fee will be allocated to Class Counsel in the amount of two hundred and fifty thousand dollars ($250,000).

- Ten thousand dollars ($10,000) will be allocated to each of the six (6) class representatives.

- Twenty seven thousand, six hundred eighty three dollars and eighty three cents ($27,683.83) will be allocated for costs and Albuquerque sales tax.

- Actual costs associated with the claims administration, providing notice to the class, processing and administering the settlement estimated by Gilardi & Co. as $17,162 and not to exceed $20,000, will be paid to the Claims Administrator.

- Any additional money unable to be distributed due to a failure to locate useable addresses for class members will distributed among the remaining class members in the same proportion as listed in the above table.

- Any checks un-cashed within 90 days of issue, will return to the class fund to be redistributed, if financially feasible, to the class as a whole. If the amount to be re distributed is too small to economically re distribute, the remaining funds will be set aside for a charity to be determined by the Class Representatives, in conjunction with Court approval, at the date of the Final Approval

Hearing. The Court will determine what is financially feasible after hearing input from Plaintiffs' Counsel and, or, the Claims Administrator.

IT IS SO ORDERED.

_____
HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY,

*/s/Matthew E. Coyte*
MATTHEW E. COYTE
COYTE LAW, P.C.
1000 2nd St., NW
Albuquerque, NM 87102
Telephone: (505) 244-3030

/s/ Jack B. Jacks
Jack B. Jacks
1000 Second Street NW
Albuquerque, NM 87102
(505) 463-1021
*Attorneys for Plaintiff*


Approved 9/16/13
Ronald Gould
Stephen French
French & Associates
500 Marquette NW - Suite 500
Albuquerque, NM 87102
(505) 843-7075
*Attorneys for Defendants*